# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | |
|---|---|
| **JACOB BOERNER,**<br><br>*Plaintiff*,<br><br>v.<br><br>**RHA HEALTH SERVICES, INC.** *and* **RHA HEALTH SERVICES NC, LLC,**<br><br>*Defendants*. | **CASE NO.: 7:22-CV-115** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Jacob Boerner ("Boerner"), complaining of the Defendants, RHA Health Services, Inc. ("the Corporation") and RHA Health Services NC, LLC ("the LLC"), and alleges the following to be true.

## INTRODUCTION

1      This action concerns RHA's failure to pay Boerner wages owed under the Fair Labor Standards Act and/or the North Carolina Wage and Hour Act for "on call" time worked by Boerner.

2      Each paragraph of this Complaint fully incorporates all others, and each exhibit hereto is incorporated as though fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

3       Boerner is a resident of Brunswick County, North Carolina and is neither a minor nor incompetent.

4       RHA Health Services, Inc. is a domestic corporation with a principal office in Asheville, North Carolina and offices in New Hanover County, North Carolina.

5       RHA Health Services NC, LLC is a foreign corporation, organized and existing under the laws of the State of Delaware, with a principal office in Asheville, North Carolina and offices in New Hanover County, North Carolina.

6       This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

>   6.1     28 U.S.C. § 1331, as the action arises out of the Fair Labor Standards Act of 1938, as amended, codified as 29 U.S.C. § 201 *et seq.*; and
>
>   6.2     With regard to Plaintiff's state law claims, 28 U.S.C. § 1367(a), as the state law claims form part of the same case or controversy as those giving rise to original jurisdiction.

7       This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

>   7.1     Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;
>
>   7.2     N.C. Gen. Stat. § 1-75.4(1)(c), as RHA was a domestic corporation at the time service of process was made upon it; and/or

7.3   N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Boerner's person or property.

8   Venue is proper in this Court pursuant to any/all of the following:

8.1   28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Eastern District of North Carolina; and/or

8.2   28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of North Carolina.

## FACTUAL ALLEGATIONS

9   One or both of the Defendants employed Plaintiff under the ambiguous name "RHA Health Services." Plaintiff's employer shall be referred to as "RHA" for the remainder of this pleading.

10   RHA exists to provide support services to individuals with disabilities and mental health and/or substance abuse issues, and provides these services in multiple states.

11   RHA is a covered employer pursuant to the FLSA, as, upon information and belief, it receives over $500,000 in business income annually and engages in interstate commerce by way of, *inter alia*, personnel performing work in multiple states; routine use of vehicles of interstate commerce such as internet, telephone, and US Mail; and maintaining offices in multiple states.

12   Boerner is an employee engaged in interstate commerce, as he performs work in multiple states; transports clients between states; and routinely uses vehicles of interstate commerce such as internet, telephone, and US Mail.

13	Boerner was hired by RHA in October 2019 as a Mobile Crisis Responder ("MCR").

14	Boerner was paid hourly and did not fall into any category considered to be salaried-exempt under the FLSA.

15	Boerner's duties as an MCR included receiving calls from a dispatcher, traveling to clients' locations, assessing and providing resources and assistance to clients, completing documentation relevant to his client visits, and following up with clients to provide ongoing checkups and assistance, as needed.

16	The assistance Boerner provided to clients often included instances where he transported clients to a mental health or substance abuse facility multiple hours away, sometimes across state lines.

17	RHA scheduled its MCRs on shifts consisting of 48 hours "on," followed by 48 hours "off."

18	During the "on" shifts, MCRs were "on call," waiting for calls at home to which they would need to respond.

19	While in an "on" shift, MCRs were required to answer phone calls from dispatch immediately and leave to the client's location within ten minutes of receiving such a call.

20	Additionally, due to their need for immediate responses, MCRs were not allowed to leave Brunswick, New Hanover, or Pender counties (the service area for Boerner's region) and were prohibited from any activity that would impede their ability to respond immediately to calls, such as drinking alcohol.

21      Each call an MCR received required several hours of work, with an average of approximately 45 minutes of one-way travel, an assessment lasting approximately 1.5 hours, and 1.5 to 2 hours of documentation, along with some additional travel transporting clients.

22      On average, MCRs would receive approximately 2-3 calls per 24 hours during an "on" shift.

23      In between calls, MCRs spent time performing case management, going to clients' homes, and otherwise following up with existing clients.

24      Boerner and, upon information and belief, other MCRs, were frequently so busy performing their work duties during "on" shifts that they were forced to spend time during their "off" shifts completing paperwork which they did not have time to finish while "on."

25      For each 48-hour shift worked through July 2020, MCRs were paid "half time," meaning that they were compensated for 12 hours of each 24-hour period worked.

26      In or around July 2020, RHA switched its payment model, instead logging fabricated 40-hour workweeks for the MCRs, regardless of the number of hours actually worked under the continuing 48 on/48 off schedule.

27      For each week Boerner worked for RHA as an MCR, a significant number of his hours went unpaid, either due to half-time or due to working more than 40 hours per week under the fabricated 40-hour pay schedule.

28      In or around December 2020, RHA transitioned Boerner away from its Response team to its Dispatch team.

29      Dispatchers worked, and were paid appropriately for, a 40-hour workweek.

30. However, from around September 2021 through around December 2021, Boerner was assigned to train another employee in Dispatch in addition to his regular hours.

31. While training this employee, Boerner was required to be on call following his workday for approximately six hours per night in order to respond to questions from the employee.

32. During the on-call training hours, Boerner was required to promptly answer phone calls with questions and was disallowed from engaging in activities that would prevent him from doing so, such as consuming alcohol.

33. Boerner received approximately five to ten calls per weeknight during his on-call training hours.

34. In around December 2021, Boerner was made a supervisor (or "anchor") for RHA, a position which he still holds at the time of this pleading's filing.

35. As an anchor, Boerner's standard workweek remained unchanged from his prior dispatch schedule: he worked 40 hours and was paid for 40 hours.

36. However, in his anchor role, Boerner is additionally required to be the on-call supervisor for Eastern North Carolina every other weekend, from 3:00 p.m. Friday afternoon through 8:00 a.m. Monday morning.

37. Additionally, while acting as the on-call supervisor, Boerner hosts meetings for all working responders with the purpose of reviewing the previous day's activities at 8:00 a.m. Saturday and Sunday.

38. While acting as the on-call supervisor, Boerner is under the same requirements and restrictions he experienced during his time as an on-call trainer.

39       Acting as an on-call supervisor, Boerner receives approximately five to ten calls per weekend.

40       For his weekends as an on-call supervisor, Boerner is paid for 8 hours' worth of work.

41       At all times while on call, Boerner would have been unable to hold a second job due to the unpredictable timing and duration of the calls he was required to promptly address.

42       At all times while on call, Boerner's ability to engage in normal life activities was impeded. To wit, given his need to immediately respond to calls, he could not engage in any activities with a protracted duration (such as watching a movie in theater), which removed his phone from his person (such as swimming), which rendered him unable to answer his phone (such as going to a dentist), which took him outside of an area with comprehensive cellular coverage (such as hiking, fishing, or camping), or which rendered him otherwise unable to respond to calls (such as drinking alcohol).

43       While shift swapping was permitted, due to a limited number of supervisors, trainers, and MCRs available to swap with, shift-swapping was either impossible or infeasible for each on-call role Boerner performed.

44       The majority of on-call time for which RHA failed to pay Boerner was time worked in excess of 40 hours per week, rendering it subject to the FLSA's overtime pay requirement of time and a half.

45       RHA willfully violated the FLSA, as it either knew or showed reckless disregard to the fact that its pay practices were unlawful.

# FIRST CAUSE OF ACTION
## Wages Owed: Fair Labor Standards Act

46  RHA is an employer covered by the Fair Labor Standards Act.

47  Plaintiff is an employee engaged in interstate commerce, as defined by the Fair Labor Standards Act.

48  RHA failed to pay Plaintiff a significant amount of wages owed while Plaintiff was on call, as detailed in the paragraphs above.

49  RHA failed to pay Plaintiff a significant amount of overtime pay at the time and a half rate, as detailed in the paragraphs above.

50  Plaintiff has been damaged by RHA's failure to pay his wages and overtime owed.

# SECOND CAUSE OF ACTION
## Wages Owed: North Carolina Wage and Hour Act

51  RHA failed to pay Plaintiff wages and overtime owed for Plaintiff's on-call hours, as detailed in the paragraphs above.

52  Plaintiff has been damaged by RHA's failure to pay his wages and overtime owed.

WHEREFORE, Boerner respectfully requests that this Court:

1  Find in favor of the Plaintiff and against the Defendants on each cause of action raised herein;

2  Award the Plaintiff with damages in an amount to be proved at trial;

3  Award Plaintiff liquidated damages in an amount equal to actual damages;

4  Tax the costs of this action against the Defendants and award Plaintiff with his reasonable attorney's fees; and

**5**       Grant all such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 22nd day of July, 2022.*

/s/ **CRAIG HENSEL**
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438 Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I electronically filed the foregoing Complaint and Jury Request with the Clerk of Court using the CM/ECF system, and upon return of the Summons for this matter, I will serve the following via US Mail, Certified, Return Receipt:

RHA Health Services, Inc.
c/o CT Corporation System
160 Mine Lake Ct., Ste. 200
Raleigh, NC 27615
*Registered Agent for the Corporation*

RHA Health Services NC, LLC
c/o CT Corporation System
160 Mine Lake Ct., Ste. 200
Raleigh, NC 27615
*Registered Agent for the LLC*

/s/ CRAIG HENSEL
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com